UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASBIR,<br>aka Jasbir, No Name,<br><br>                            Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Adult Detention Facility, FIELD OFFICE DIRECTOR, San Diego Field Office, U.S. Immigration and Customs Enforcement (ICE); TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE); KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS); PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>                            Respondents. | Case No.: 26-cv-579-JES-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF Nos. 1, 2, 6]** |

    Before the Court is Petitioner Jasbir's (aka Jasbir, No Name) ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's OSC order, Respondents filed a response. ECF No. 4. In the response, Respondents acknowledged that Petitioner must be considered detained under 8 U.S.C. § 1226(a),

pursuant to the final judgment entered in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). Thereafter, the Court **GRANTED IN PART** the Petition and ordered Respondents to provide Petitioner with a bond determination hearing under 8 U.S.C. § 1226(a).

Later that same day, Petitioner filed the Traverse. ECF No. 7. Finding good cause, the Court **VACATES** its February 5, 2026, Order, in which it Ordered Petitioner's bond hearing. Moreover, and for the reasons set forth below, the Court now **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a noncitizen, entered the United States without inspection on January 26, 2023, and is currently being held at the Imperial Adult Detention Center. ECF No. 1 ¶¶ 12, 25. She alleges that shortly after entering the country, she was detained by Respondents, put into removal proceedings, and then released on her own recognizance. *Id.* ¶ 2.

On December 25, 2025, Respondents re-arrested Petitioner. *Id.* ¶ 29. Prior to being re-detained, Petitioner did not receive a hearing before a neutral decisionmaker to determine if her re-detention is justified. *Id.* On January 22, 2026, Petitioner was provided a custody redetermination hearing, in which the immigration judge ("IJ") denied her bond. There, the IJ concluded that she is an "applicant for admission," and therefore, is subject to mandatory detention under INA § 235(b). *Id.* ¶ 5.

Petitioner seeks habeas relief from the Court, alleging that Respondents' conduct violates the Fifth Amendment and the INA. *Id.* ¶¶ 43-52.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the

1  Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas
2  corpus has served as a means of reviewing the legality of Executive detention, and it is in
3  that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301
4  (2001). Accordingly, challenges to immigration-related detention are within the purview
5  of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see*
6  *also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

In her petition, Petitioner argues that her re-detention and the manner under which it was carried out violates the Due Process Clause of the Fifth Amendment. ECF No. 1 ¶¶ 2-3. In their return, Respondents did not directly address this argument and instead only states that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). ECF No. 4 at 2. As such, Respondents state that Petitioner is only entitled to a bond hearing. *Id.*

### A.   Bond Hearing

As a threshold issue, the Court will first address whether a bond hearing is an appropriate remedy, as Respondents urge. The Court disagrees that it is the appropriate remedy here. Indeed, in several cases within this district where the petitioner raised a due process violation regarding re-detention after having been released on parole, the courts have rejected the same argument made by Respondents that the petitioner is only entitled to a bond hearing as a member of the *Maldonado Bautista* class. *See Naveen v. LaRose*, No. 25-CV-3689 JLS (AHG), 2025 WL 3771900, at *2 (S.D. Cal. Dec. 30, 2025) (rejecting Respondents' argument that petitioner is a class member under *Maldonado Bautista* and therefore only entitled to a bond hearing, rendering her other constitutional arguments moot); *Lozada v. Larose et al.*, No. 25CV3614-LL-KSC, 2026 WL 184205, at *2 (S.D. Cal. Jan. 23, 2026) (rejecting same argument and releasing petitioner on due process violation); *Garcia v. Noem et al.*, No. 25CV3759-LL-BLM, 2026 WL 194745 (S.D. Cal.

//

Jan. 26, 2026) (same); *Xie v. LaRose*, No. 3:25-CV-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026) (same). Thus, despite Respondents' concession regarding a bond hearing,[1] the Court finds it appropriate to address the constitutional violations raised in the Petition.

### B. Due Process

Petitioner argues that her re-detention violates procedural due process because he was not given any notice and an opportunity to be heard when he was re-detained in December 2025. ECF No. 1 ¶ 2. As stated above, the government does not meaningfully address the procedural due process issue in its return. *See generally* ECF No. 4.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

//

---

[1] The Court notes that while Respondents state that Petitioner is part of the Bond Eligible class in *Maldonado Bautista*, at least one court has disagreed. *See Xie*, 2026 WL 92066, at *1–2 (finding that petitioner who had previously been apprehended upon arrival and released on conditional parole was not part of the class). Regardless, however, the Court does agree with Respondents that Petitioner's re-detention is governed by 8 U.S.C. § 1226 rather than § 1225, irrespective of and independently from *Maldonado Bautista*. The Court has previously held that where a petitioner is apprehended at the border, paroled into the country, and had been residing in the country when he was re-detained, his detention is governed by § 1226. *See, e.g.*, *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *4-5 (S.D. Cal. Oct. 30, 2025) (explaining reasoning and citing cases); *Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same); *Garcia*, 2026 WL 194745, at *2 (same).

Courts have identified various ways that a petitioner may be granted some form of parole. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for it providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id.* Courts have recognized that typically, the term "released on their own recognizance" refers to conditional parole. *Id.*; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Castellon*, 2025 WL 2373425, at *4; *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025).

While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v.*

> *Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly, [Petitioner's] private interest in retaining her liberty is significant.

*Pinchi*, 792 F. Supp. 3d at 1034-35. Several district courts have followed suit and found due process violations where the petitioners in the cases were specifically identified to be released under Order of Release on Recognizance. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where petitioner was originally released on OREC); *Leiva Flores*, 2025 WL 3228306, at *5 (similarly finding procedural due process violation for petitioner released on OREC and requiring hearing before detention); *Faizyan*, 2025 WL 3208844, at *7 (same).

The Court agrees with all the foregoing courts and similarly holds that Petitioner has procedural due process rights arising from her existing conditional parole. In their briefing, Respondents provide no evidence that Petitioner was afforded any notice or opportunity to be heard regarding the revocation of said parole. *See generally* ECF No. 4. Accordingly, the Court joins these courts and finds that Respondents violated Petitioner's due process rights when they re-detained him on December 25, 2025.

## IV. CONCLUSION

For the reasons discussed above, the Court ORDERS the following:

(1) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **GRANTED**;

(2) The Petition is being granted on the Due Process ground due to the Court's conclusion that Respondents' revocation of Petitioner's parole

violates procedural due process, Accordingly, Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of his preexisting parole that existed at the time he was re-detained.

(3) The parties are **ORDERED** to file a Joint Status Report by **February 13, 2026**, confirming that Petitioner has been released; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 9, 2026

Honorable James E. Simmons Jr.
United States District Judge